SNAPP *v.* NEAL, STATE AUDITOR OF PUBLIC ACCOUNTS, et al.

No. 43086        June 1, 1964        164 So. 2d 752

598

*Robert E. Hauberg,* United States Attorney, *Jack McDill,* Assistant United States Attorney, Jackson;

*Louis F. Oberdorfer,* Assistant Attorney General, *Lee A. Jackson, I. Henry Kutz, J. Edward Shillingburg, Attorneys,* Department of Justice, Washington, D.C., attorneys for appellant.

*Martin R. McLendon,* Asst. Atty. Gen., Jackson, for appellees.

BRADY, TOM P., J.

This is an appeal by Sgt. Jesse E. Snapp under and by virtue of Section 1147.2, Mississippi Code of 1942, recompiled, from the final order and decree of the Chancery Court of Copiah County, Mississippi, filed August 14, 1963. The notice of appeal was filed on November 1, 1963. The appellant, under Sec. 9979, Vol. 7A Miss. Code of 1942, instituted the proceedings below to review the disapproval by the State Auditor of Public Accounts and the Attorney General of the State of Mississippi of his application for refund of taxes paid by him on his house trailer. On December 28, 1962, the appellant paid to the Sheriff and Tax Collector of Copiah County, Mississippi, under protest, the exiguous sum of $38.50 in payment of the assessment and levy made on his house trailer under House Bill No. 747, Chap. 535, General Laws of Mississippi (1962). The appellant filed an application for a refund, and on April 4, 1963, the attorney general disapproved it. The state auditor gave notice of the denial of his application on April 5, 1963. On June 26, 1963, the appellant filed a petition for appeal and review of the denial of his application for refund in the Chancery Court of Copiah County, Mississippi. On August 13, 1963, the chancellor entered a final order decreeing that the action of the attorney general in disapproving the application be affirmed for the reasons set forth in the opinion of the attorney general in entering judgment against the appellant for costs.

From this decree the appellant has appealed to this Court.

The record discloses the following facts:

Since the re-entry of the appellant on October 29, 1951, into the military service, he has been a resident and domiciliary of Pacolet, South Carolina; he is a registered voter there and his relatives are residents of and are domiciled in South Carolina, and he intends to return to South Carolina on completing his military service. On May 16, 1959, the appellant purchased a house trailer in Greenville, Mississippi. This trailer was moved outside of the city of Greenville, Mississippi, and the appellant resided in this trailer until October, 1961. On October 28, 1961, he became an active member of the United States Air Force and was stationed at Crystal Springs, Mississippi. He was assigned as a permanent party, subject to duty elsewhere. His presence in Mississippi is simply in compliance with his military orders. Since before November 1, 1962, he has lived in his house trailer out from Crystal Springs, Mississippi, at the Sojourner Trailer Court, where he was transferred, as stated, from Greenville, by the Transit Homes, Inc. This trailer was moved over the Mississippi highways and the trailer was parked out from Crystal Springs on privately owned property. The trailer is connected with water, sewerage and electricity, which are detachable. It is now resting on concrete blocks but has wheels and it can be moved over the highways but is not self-propelled. This trailer was not registered on November 1, 1962, under the laws of South Carolina or under the laws of any other state, and no taxes have been paid to South Carolina or to any other state for any period beginning on or after November 1, 1962. On December 15, 1962, the Sheriff of Copiah County notified appellant that there had been an assessment and levy of taxes on his house trailer under the House Trailer Ad Valorem Tax Act which were due on or before November 1, 1962,

and that the house trailer would be sold if payment was not made by January 1, 1963. On December 28, 1962, as a result of this notice and under protest, appellant paid the sum of $38.50. On February 4, 1963, an application for a refund of the tax paid and interest was made. On April 5, 1963, the application for the refund of the tax was denied by the attorney general by the proper notice, and notice was also given by the state auditor, W. D. Neal, that the application had been denied. On June 26, 1963, petition to review the disallowance of refund was filed in the Chancery Court of Copiah County, Mississippi. On June 28, 1963, the chancellor ordered the state auditor to transmit to the court a certified copy of the record, which was done. On August 13, 1963, after examining the record and hearing oral arguments of counsel, the chancellor entered the final order affirming the action of the attorney general and disapproving appellant's application for refund and entering a judgment against the appellant for costs. It is from this decree and order that this appeal is prosecuted to this Court.

The basic issue presented by this appeal is whether the chancellor erred in holding that the ad valorem taxes imposed on appellant's house trailer were not barred by Section 574 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. This question necessarily involves other related questions which will be taken up in appropriate order.

(I) It is the argument of the appellant that under Section 574 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, the situs for taxation of the personal property of a nonresident serviceman is in his state of residence or domicile. Dameron v. Brodhead, 345 U. S. 322; United States v. Arlington County, Commonwealth of Virginia, 326 F. 2d 929 (C. A. 4th); Biennial Report of the Attorney General of Mississippi (1957-

1959), pp. 99-100; H. Rep. No. 2198, 77th Cong., 2d Sess., p. 6; H. Rep. No. 1514, 78th Cong., 2d Sess., p. 2.

(II) The appellant further contends that the proviso in Section 574(2) is inapplicable because the taxes levied upon the house trailer of the appellant were ad valorem personal property taxes, not motor vehicle licenses, fees, or excises.

(III) The appellant further contends that the proviso in Section 574(2) is inapplicable because the appellant did not fail to pay the motor vehicle licenses, fees, or excises levied on his house trailer by his state of residence or domicile, since South Carolina had not imposed any such license, fee, or excise on his house trailer.

(IV) The appellant urges that the proviso in Section 574(2) is inapplicable because the appellant's house trailer was not a motor vehicle as that term is used in Section 574(2).

In order to resolve the basic questions in issue, it is necessary that we review that portion of 50 U. S. Code, App. 574, which has application, and which is as follows:

"(1) For the purposes of taxation in respect of any person, or of his personal property, . . . by any State, . . . such person shall not be deemed (a) to have lost a residence or domicile in any State, . . . solely by reason of being absent therefrom in compliance with military or naval orders, or (b) to have acquired a residence or domicile in any other State, . . . while, and solely by reason of being so absent. For the purposes of taxation in respect of the personal property, . . . of any such person by any State, . . . of which such person is not a resident or in which he is not domiciled, . . . *and personal property shall not be deemed to be located or present in or to have a situs for taxation in such State,* . . . (Parenthesis (a) and (b) ours.)

"(2)   When used in this section, (a) the term 'personal property' shall include *tangible* and *intangible property* (including *motor vehicles*), and (b) the term 'taxation' shall include but not be limited to licenses, fees, or excises imposed in respect to motor vehicles or the use thereof: *PROVIDED, That the license, fee, or excise required by the State, . . . of which the person is a resident or in which he is domiciled has been paid.*" (Italics ours.)

■■ ■ It can be conceded, we think, that Section 574 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, bars the imposition by any state and its political subdivisions of ad valorem personal property taxes on personal property owned by a nonresident serviceman. It should be noted, also, however, that there is an exception to this general prohibition and that the federal statute in question does not grant a complete exemption from taxation, but it does create a legal fiction that personal property of a serviceman shall not be deemed to have lost its situs in his home state and acquired a situs where he is in fact physically located as regards all other items of personal property, except motor vehicles. The legal fiction thus created is a bar to taxation by another state other than the state of the domicile of the serviceman, which was set forth in Dameron v. Broadhead, 345 U. S. 322, 97 L. Ed. 1041. It is to be noted, however, that the exception in the statute itself provides that in order for the legal fiction to be effective, insofar as motor vehicles are concerned, the serviceman must have paid certain taxes in the state in which he is a resident or is domiciled. The exact language is:

"PROVIDED, That the license, fee, or excise required by the State, . . . of which the person is a resident or in which he is domiciled *has been paid . . . .*" (Italics ours.)

██ ██ The appellant contends that provision (2) of Sec. 574 is inapplicable because appellant's house trailer was not a motor vehicle as that term is construed and used in provision (2) of Sec. 574. It is to be noted that Congress did not undertake to define motor vehicle when it enacted 50 U.S.C.A., App. 574. Therefore, it should follow that it is logical to apply the definition of the words as used in other federal statutes, to-wit: Title 40, U.S.C.A. 472(1) quotes:

"The term 'motor vehicle' means any vehicle, self-propelled *or drawn by mechanical power, . . .*" (Italics ours.)

Title 49, U.S.C.A. 303(13) reads as follows:

"The term 'motor vehicle' means any vehicle, machine, tractor, trailer, or semitrailer propelled *or drawn by mechanical power* and used upon the highways in the transportation of passengers or property, . . ." (Italics ours.)

In 18 U.S.C.A. 31, we find this definition:

" 'Motor vehicle' means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes . . . in the transportation of passengers, or passengers and property; . . ."

Since 50 U.S.C.A., App. 574, does not attempt to define the meaning of "motor vehicle", any one of these federal statutes can be used to supply the definition of "house trailer" as being included within the words "motor vehicle", and thus clearly refutes the narrow dictionary definition limiting "motor vehicles" to those that are self-propelled, as urged by the appellant. Mathison v. Brister, 166 Miss. 67, 145 So. 358. Our own statutes, which have definitions relating to motor vehicles, leave no doubt that this definition does include "house trailers". Mississippi's definitions are also controlling upon the courts of the United States

by reason of the provisions of 28 U.S.C.A. 1652, which is as follows:

"The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

Therefore, since the Act of Congress, 50 U.S.C.A., App. 574, does not provide a definition for "motor vehicles", the Mississippi definition of the words to include "house trailers" is conclusive and binding upon both this Court and the federal courts. Furthermore, Sec. 3 of Chap. 588, Laws of 1958, the definition section, appearing as Sec. 10007-03 Miss. Code of 1942, Rec., provides in part:

"The subject words and terms of this section for the purpose of this Act, shall have meanings as follows:

"(a) The term *'motor vehicle' shall mean any device* and attachments supported by one or more wheels *which is propelled or drawn by any power,* other than muscular power, over the highways, streets, or alleys of this state." (Italics ours).

Sec. 2, Chap. 535 of the Laws of 1962, the definition section, appearing as Sec. 10007-52, Miss. Code of 1942, Rec., provides in part:

"The subject words and terms of this section, for the purposes of this act, shall have meanings as follows:

"(a) The term 'house trailer' shall mean and include any trailer-type vehicle or mobile home, designed and constructed so as to be suitable for use for domestic, commercial, or industrial purposes, and which is constructed so that it may be moved from place to place over the highways and streets by being supported by two (2) or more wheels, and drawn or moved by motive power *not its own,* and which house trailer is not taxed under authority of chapter 588, laws of 1958." (Italics ours.)

The appellant concedes that the house trailer is included within the above definition which is pari materia with chapter 588, supra, which by definition also includes his house trailer. It is to be noted that notwithstanding the inclusion of his house trailer within the terms of both the statutes quoted above, appellant has not registered the house trailer or paid any tax thereon during the period of his ownership of the trailer, although it has been drawn along the highways of this state whenever the need arose and is readily capable of being drawn along the highways of this state whenever the need arises again, or whenever the appellant desires to do so. We think, therefore, that the fourth contention of the appellant, that his house trailer was not a motor vehicle as that term is used in Sec. 574(2), is not well taken, nor do we believe that his third contention, that Sec. 574(2) is inapplicable because the appellant did not fail to pay the motor vehicle license fees and excises levied on his house trailer by his state of residence or domicile since South Carolina had not imposed any such license fee, or excise on his house trailer. The invalidity of contentions (II) and (I) will be hereinafter shown. We assert that it is clear that this section of the act contemplates that the personal property, which is exempt provided a license fee or excise is paid to the state in which the appellant resides, will be located in said state or that said state will have such jurisdiction or control over the trailer or motor vehicle that the license, fee or tax or excise which is due and owing will be paid. It can scarcely be conceded that a legal fiction can give a state the right to tax nonexistent property, that is, property which has never been within the jurisdiction of the state. In order for a state to require the payment of a license or fee or excise on property, the property must be located in the state, or must have been used in the state, and must have become subject to the operation of the state laws

involved. The appellant's house trailer here has never been out of the state of Mississippi. It was purchased in this state, has remained in this state, traveled the highways of this state, and has never been in the state of South Carolina. While South Carolina does not require a license fee or excise on his house trailer, still the second paragraph of Sec. 574 of Title 50 U.S.C.A., App., clearly stipulates that the legal fiction created in the first paragraph will not and shall not apply to motor vehicles *unless the serviceman has in fact paid the license fee or excise required by the state in which he is domiciled*. This exception to the blanket immunity granted in the first paragraph shows that the clear and unmistakable congressional intent was that the motor vehicles of servicemen should be registered according to the laws of the state of his residence, or of some state, regardless of where they may be located, and this is true even though perhaps a license, fee or excise on the trailer is not required by that state. It does not excuse the serviceman from registering the trailer in his home state. Code of South Carolina of 1962, Sec. 46-2(13) provides as follows:

"(13) TRAILER: Every vehicle with or without motive power, other than a pole trailer, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle; . . ."

Sec. 46-11 provides:

"VEHICLES REQUIRED TO BE REGISTERED AND LICENSED. — Every motor vehicle, trailer, semi-trailer, pole trailer and special mobile equipment vehicle driven, operated or moved upon a highway in this State *shall be registered and licensed in accordance with the provisions of this chapter*. It shall be a misdemeanor for any person to drive, operate or move upon a highway or for the owner knowingly to permit to be driven, operated or moved upon a highway any such

vehicle which is not registered and licensed and the required fee paid as provided for in this chapter." (Italics ours.)

Section 46-35.3 provides:

"FEES FOR HOUSE TRAILERS.—For every house trailer, the annual fee shall be six dollars. The Department shall classify as a 'house trailer' every trailer or semitrailer which is designed, constructed and equipped as a dwelling, living abode, or sleeping place, either permanently or temporarily, and is equipped for use as a conveyance on streets or highways, or a trailer or semitrailer of similar nature whose chassis and exterior shell is designed and constructed for use either permanently or temporarily for advertising, sales, display or promotion of merchandise or services or for any other commercial purpose, except the transportation of property for hire or the transportation of property for distribution by a private carrier. The Department may not license and register a house trailer which exceeds the permissible size limitations prescribed in Sections 46-654, 46-657 and 46-657.1, but such house trailers which may be permitted to be moved over the highways by the Department under special permits issued pursuant to Section 46-667 to 46-667.3 shall pay to the Department a fee of five dollars per trip."

It is apparent, therefore, that the state wherein appellant claims to be domiciled, namely, South Carolina, does, in fact, require the registration of the house trailer as a motor vehicle. Assuming the operation of the legal fiction, then this requirement of the laws of South Carolina has not been complied with in any way by the appellant. Appellant further admits that the statutes quoted above require the registration of his house trailer in South Carolina if it, in fact, was physically located in the state. He asserts that the statutes of the state in which he is domiciled do not apply because the house trailer was, in fact, located in Mississippi during the

entire taxing period, and then paradoxically he seeks to have this Court void the collection of the tax by Mississippi because the provisions of 50 U.S.C.A., App. 574, provide that the legal status of the house trailer for tax purposes is in South Carolina. It is the reasoning which was urged in the case of *Whiting v. City of Portsmouth,* 202 Va. 609, 118 S. E. 2d 505, wherein the Supreme Court of Virginia rejected this theory. Accordingly, this theory is rejected by this Court.

In passing, all the appellant had to do to avoid the tax in question in Mississippi was to register his motor vehicle in Mississippi under the laws specifically granting him the tax exemption. This the appellant neglected or refused to do. Chapter 588, Laws of 1958, was passed by the Mississippi Legislature to implement the amendment of Section 112 to the Mississippi Constitution of 1890, and to thereby provide a special method of assessment and collection of taxes on motor vehicles. In recognition of the federal statutes, Sec. 574, supra, and the legal fiction created thereby, the legislature in enacting Chap. 588, supra, provided in Sec. 21 thereof, that:

"Any motor vehicle driven over the highways of this state to the extent that the owner of such motor vehicle is required to purchase a road and bridge privilege license in this state, yet the legal situs of such motor vehicle is located in another state, shall be exempt from ad valorem taxes authorized by this act."

Upon proper inquiry the office of the appellee, the Attorney General, held on July 11, 1958, that such vehicles were not liable for ad valorem taxes provided they were registered in this state. The opinion is published in the biennial report of the Attorney General of Mississippi, 1957-1959, on pages 99 and 100, and provides as follows:

"TAXES—EXEMPTIONS: Members of the armed forces are not liable for ad valorem taxes on personally owned automobiles not used in business.

"By: McLendon, Assistant

"July 11, 1958

"This is in reply to yours of July 2, 1958, wherein you ask whether or not personal automobiles of members of the armed forces stationed in your city are exempt from state, county, and municipal ad valorem taxes whether the tag is bought in this state or another state.

"Section 574, Title 50, U.S.C.A. provides that when a member of the armed forces is in any state in compliance with military or naval orders his '. . . personal property shall not be deemed to be located or present in or to have status for taxes in such state . . .' Sec. 21 of H. B. No. 3, of the Regular Session of 1958, provides 'Any motor vehicle driven over the highways of this state to the extent that the owner of such motor vehicle is required to purchase a road and bridge privilege license in that state, yet the legal situs of such motor vehicle is located in another state, shall be exempt from ad valorem taxes authorized by this act.'

"It is, therefore, the opinion of this office that members of the armed forces of the United States who are nonresidents of the State of Mississippi and who are residing in your community in compliance with military or naval orders are exempt from the payment of ad valorem taxes imposed by H. B. No. 3, supra, whether they pay the road and bridge privilege license tax and purchase their license plates in Mississippi or not, provided the automobile in question is not used in any way for a trade or business."

The appellant, therefore, notwithstanding the specific requirements of the federal act that motor vehicles be registered in the state of the domicile of the serviceman in order to be entitled to tax immunity and

the specific provisions of the law of South Carolina that the house trailer be registered in that state, appellant proceeded to operate the house trailer on the highways of Mississippi whenever the need arose. He, also, failed and refused to register his house trailer under the Mississippi act specifically granting to him an ad valorem tax exemption, and which such registration would have specifically granted to him an exemption from the tax paid in this case, Sec. 10007-58 (a), Miss. Code of 1942, Rec.

We feel, therefore, that this appellant has deliberately avoided or more properly has waived any and all claims to tax immunity that he might have heretofore enjoyed. This is, of course, an ad valorem tax, the statute so provides it, and makes the payment of the ad valorem tax a condition precedent to the registration of the motor vehicle. This the appellant could have avoided had he complied with the laws of the state of South Carolina, the laws of the state of Mississippi, and the federal laws pertaining thereto. Section 574 of 50 U.S.C.A. does not prohibit the levy of an ad valorem tax on motor vehicles unless the serviceman claiming the tax immunity has complied with the laws of the state of his domicile. This the appellant has clearly failed to do. The second paragraph of Sec. 574 provides specifically: .

". . . (b) the term 'taxation' shall include but not be limited to licenses, fees, or excises imposed in respect to motor vehicles or the use thereof: PROVIDED, That the license, fee, or excise required by the State, Territory, possession, or District of Columbia of which the person is a resident or in which he is domiciled has been paid."

By stipulating expressly that the taxation should not be limited to privilege and excise taxes, it necessarily follows that the prohibited tax must include the only other general branch of taxation, that is, ad valorem. It is emphasized that the federal statute is meant to

include ad valorem taxes as being one of the taxes for which the serviceman is *immune, provided he complies with the laws of his home state concerning registration of the motor vehicle.* If he fails to so comply, as was done in this case at bar, he is no longer entitled to protection of the Act of Congress. The failure of the appellant here to comply with the federal law, the law of his home state of South Carolina, or the law of the state of Mississippi, in which he has been residing for the past several years, granting him an ad valorem tax exemption, we feel that by his acts in this regard he has waived his right or claim of any nature which he may have had insofar as exemption from taxation is concerned.

"One who claims exemption from taxation has the burden to show that all the conditions on which the exemption was based have been at all times fulfilled." Yazoo & M. V. Railroad Co. v. Adams, 32 So. 937.

". . . One claiming exemption from taxation has the burden of showing that the claim comes clearly within the exemption law, unaffected by other statutes which clearly renders the property subject to a lien for the assessment . . ." Willis Creek Drainage Dist. v. Yazoo County, 209 Miss. 849, 48 So. 2d 498.

". . . when anyone is claiming the benefit of an exception under a statute, the proof must be clear that the one claiming the benefit of an exception comes clearly within the same." Trunkline Gas Co. v. Mississippi State Tax Commission, 238 Miss. 591, 119 So. 2d 378.

"Exemptions from taxation are strictly construed, and never presumed, and person claiming exemption had burden to establish his right thereto." Jackson Fertilizer Co. v. Stone, 173 Miss. 183, 162 So. 170.

In 84 C. J. S., Taxation, Sec. 224, p. 431, we find:

"One entitled to the benefit of a grant of exemption must in some way manifest his acceptance of the grant, in order to obtain immunity under it, and in particular

must comply with all valid and reasonable conditions imposed by statute; and the same rule applies to a statute commuting taxes or providing for the payment of a gross-earnings tax or other special tax in lieu of general taxation. Such conditions include the planting of forest trees on the exempted land, or the making of a list or return of one's property to the assessors, or the filing of an affidavit, such as an affidavit with respect to the value of the property for which an exemption is claimed.''

Section 225 of the same work provides:

''Since taxation is the rule and exemption is the exception, and since exemptions from taxation are not favored, the general rule is that a grant of exemption from taxation is never presumed. On the contrary, since the relinquishment of the power to tax is never presumed, . . . the presumption is against exemption from taxation and in all cases of doubt as to the legislative intention, or as to the inclusion of particular property within the terms of the statute, the presumption is in favor of the taxing power, and the burden is on claimant to prove or establish clearly his right to the exemption, bringing himself clearly within the terms of such conditions as the statute may impose. Accordingly, one claiming in any form of action or proceeding that his property is exempt from taxation must offer in proof facts and circumstances in support of his claim.''

Appellant has obviously made no attempt to comply with the federal act granting him a right to tax exemption by registering his house trailer in the state in which he claims he is domiciled. In fact, to the opposite, he argues in this case that such registration by his state is not required. It is obvious, also, that he has failed to take advantage of the opportunity to register the house trailer in Mississippi under statutes specifically granting to him an ad valorem tax exemption, and he bases and predicates his failure to do so on the ground

that such registration was not required because the house trailer was not drawn along the highways. This argument is of no merit because of the undisputed facts, admitted by the appellant through his attorney, that the house trailer has been drawn over the highways of this state. It appears, therefore, that paragraph 1 of Sec. 574, insofar as the situs for taxation of personal property of a nonresident serviceman being in his state of residence or domicile is concerned, is not involved in the case at bar, since the case at bar is involved under provision 2 of Sec. 574, which is ·the exception to the general rule and which requires that the serviceman comply with the conditions of Sec. 2 before exemption from taxation is permissible in a state other than the state of his domicile.

■■ ■ In conclusion, the state of Mississippi has a right, recognized by Congress, to require the registration of all motor vehicles that use, or are capable of using, the public highways of this state. This authority does not abridge the rights of citizens to equal protection granted by the Fourteenth Amendment to the United States Constitution. Kane v. New Jersey, 242 U. S. 160, 61 L. Ed. 222; Hendrick v. Maryland, 235 U. S. 610, 59 L. Ed. 385; Blashfield, Cyclopedia of Automobiles & Practice, Vol. 1, pp. 470-473; Roberts v. Federal Land Bank of N. O., 189 Miss. 898, 196 So. 763; State v. Lawrence, 108 Miss. 291, 66 So. 745; Ann. Cas. 1917E, 322; Title 50 U.S.C.A., App., Sec. 574.

■■ ■ The registration of motor vehicles by the owners thereof is one of the most important safeguards which a state can have in operating its internal affairs and in maintaining peace and order. We do not believe that Congress intended by enactment or extension of the Soldiers' and Sailors' Civil Relief Act of 1940 to rob the states of their right to require registration of motor vehicles or to abolish the taxation thereof, which will happen here if the appellant's contention is to pre-

vail. The act does not grant unto the appellant immunity from all taxation or make him, because of his military service connection, a tax untouchable, which is substantially what the appellant claims. It is evident that the intention of the Congress in extending the life of the Soldiers' and Sailors' Relief Act of 1940 was not to exempt members of the armed services from all motor registration and taxation laws, giving them federal esoteric immunity from these taxes reserved to the states, but to prevent multiplicity of tax assessments against the soldiers and sailors by the states into which they are required to reside, or duplicity of tax payments. Having failed to avail himself of the exemption granted by the federal statutes, or the statutes of the state of South Carolina or the state of Mississippi, it follows that the learned chancellor was correct in holding that the appellant was liable for the tax on his house trailer, and the decree of the Chancery Court of Copiah County denying the application of the appellant for a tax refund is affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, Rodgers and Patterson, JJ.,* concur.