UNITED STATES of America, Major Martha A. Jones, and S/Sgt. Jimmie M. Hudson

v.

CHESTER COUNTY BOARD OF AS-SESSMENT AND REVISION OF TAX-ES, WEST CHESTER, PENNSYLVA-NIA, Christian Shank, Chairman, Robert Turner, Waldon Ring, members, Tax Collector, Russell L. Miller, Uwchlan Township, Pennsylvania, Chester County Tax Claim Bureau, Pennsylvania, Armand Taraschi, Director; and the Township of Uwchlan, Chester County, Pennsylvania.

Civ. A. No. 41548.

United States District Court
E. D. Pennsylvania.
March 22, 1968.

Drew J. T. O'Keefe, U. S. Atty., Joseph Ritchie, Asst. U. S. Atty., Philadelphia, Pa., Clinton B. D. Brown, Dept. of Justice, Washington, D. C., for the United States.

Theodore O. Rogers, Rogers & O'Neill, West Chester, Pa., for Chester County Board of Assessment et al.

## OPINION

KRAFT, District Judge.

The United States has moved for summary judgment in this action wherein the government seeks to restrain the defendants from collecting certain local taxes from two members of the armed forces, who own house trailers located within the Township of Uwchlan, Chester County, Pennsylvania.

The tax levy was made pursuant to the Fourth to Eighth Class County Assessment Law of Pennsylvania, 72 P.S. § 5453.201(a), as amended in 1961, which provides in pertinent part as follows:

*Subjects of taxation enumerated*

The following subjects and property shall as hereinafter provided be valued and assessed and subject to taxation for all county, borough, town, township, school (except in cities), poor and county institution district purposes, at the annual rate,

(a) All real estate, to wit: Houses, house trailers and mobilehomes permanently attached to land *or connected with water, gas, electric or sewage facilities*, buildings, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, and all other real estate not exempt by law from taxation. * * * (Emphasis supplied.)

The parties stipulate that the two individual plaintiffs are not and never have been citizens or residents of Pennsylvania, but that both are and have been on active military duty, assigned to the Valley Forge General Hospital in Phoenixville, Pennsylvania. It has also been stipulated that their respective house trailers have never been permanently attached to the land, but are and have been connected to water, sewerage, and electrical facilities at their respective sites and, therefore, come within the language of 72 P.S. § 5453.201(a).

The question raised by the present motion is whether the house trailers, owned by non-resident servicemen on active duty are personal property under federal law and immune from state taxation under the Soldiers' and Sailors' Civil Relief Act (Act), as amended,[1] or whether they are

---

1. 50 U.S.C.A.App. § 574. Residence for tax purposes

(1) For the purposes of taxation in respect of any person, or of his personal property, income or gross income, by any State, Territory, possession, or political subdivision of any of the foregoing, or by the District of Columbia, such person shall not be deemed to have lost a residence or domicile in any State, Territory, possession, or political subdivision of any of the foregoing, or in the District of Columbia, solely by reason of being absent therefrom in compliance with military or naval orders, or to have acquired a residence or domicile in, or to have become resident in or a resident of, any other State, Territory, possession, or political subdivision of any of the foregoing, or the District of Columbia, while, and solely by reason of being, so absent. For the purposes of taxation in respect of the personal property, income or gross income of any such person by any State, Territory, possession, or political subdivision of any of the foregoing, or the District of Columbia, of which such person is not a resident or in which he is not domiciled, compensation for military or naval service shall not be deemed income for services performed within, or from sources within, such State, Territory, possession, political subdivision, or District, and personal property shall not be deemed to be located or present in or to have a situs for taxation in such State, Territory, possession, or political subdivision, or district. Where the owner of personal property is absent from his residence or

real property to which that Act does not apply.

■ The determination of the scope of a federal statute necessarily raises a federal question, which does not depend on the divers interpretations by the several states of what is personal or real property.[2]

■ The salutary purpose of the federal Act is to relieve nonresident servicemen of the burden of supporting state and local governments, whenever their presence results solely from compliance with military orders. California v. Buzard, 382 U.S. 386–393, 86 S.Ct. 478, 15 L.Ed.2d 436 (1966). This statute "must be read with an eye friendly to those who dropped their affairs to answer their country's call." Le Maistre v. Leffers, 333 U.S. 1, 6, 68 S.Ct. 371, 373, 92 L.Ed. 429 (1948).

In a similar case, Snapp v. Neal, 250 Miss. 597, 164 So.2d 752 (1964), Mississippi attempted to collect an ad valorem tax levied on a serviceman's trailer. The United States Supreme Court reversed, holding that Mississippi was only entitled, "to exact motor vehicle taxes qualifying as licenses, fees or excises; the ad valorem tax, as the Mississippi Supreme Court acknowledged, is not such

an exaction." 382 U.S. 397, 398, 86 S.Ct. 485, 486, 15 L.Ed.2d 445 (1966).

In *Snapp,* the Mississippi Court noted that, "the trailer is connected with water, sewerage and electricity, which are detachable. It is now resting on concrete blocks but has wheels and it can be moved over the highways but is not self-propelled." 164 So.2d at 755. Mississippi ruled that such a trailer was a motor vehicle under its laws and under other federal statutes[3], which it also considered, because § 574 does not define "motor vehicle". The Supreme Court did not decide whether the Mississippi Supreme Court was correct in holding that the house trailer was a motor vehicle within the meaning of § 574(2) (b). Snapp v. Neal, id. p. 398.

Before the 1961 amendment, Pennsylvania did not regard as taxable real estate house trailers, which were merely connected to utilities. Both before and after 1961 Pennsylvania required owners of house trailers to pay registration and license fees under its Motor Vehicle Code. Under 75 P.S. § 102 "Motor Vehicle" includes "trailers and semitrailers designed for use with such vehicles and vehicles of the tractor type." "House Trailers" and "Trailers" are also defined

domicile solely by reason of compliance with military or naval orders, this section applies with respect to personal property, or the use thereof, within any tax jurisdiction other than such place of residence or domicile, regardless of where the owner may be serving in compliance with such orders: * * *."

(2) When used in this section, (a) the term "personal property" shall include tangible and intangible property (including motor vehicles), and (b) the term "taxation" shall include but not be limited to licenses, fees, or excises imposed in respect to motor vehicles or the use thereof: Provided, That the license, fee, or excise required by the State, Territory, possession, or District of Columbia of which the person is a resident or in which he is domiciled has been paid.

**2.** "There is no persuasive evidence Congress meant state labels to be conclusive, * * *." California v. Buzard, 382 U.

S. 386, 393, 86 S.Ct. 478, 483, 15 L.Ed. 2d 436 (1966).

**3.** 40 U.S.C.A. § 472(*l*) (Reconstruction Finance Corporation Property)
"The term 'motor vehicle' means any vehicle, self-propelled or drawn by mechanical power * * *."
49 U.S.C.A. § 303(a) (13) (Interstate Commerce Act)
"The term 'motor vehicle' means any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property."
18 U.S.C.A. § 31 (Aircraft and Motor Vehicle)
" 'Motor vehicle' means every description of carriage or other contrivance propelled *or drawn by mechanical power* and used for commercial purposes on the highways in the transportation of passengers, or passengers and property." (Emphasis supplied.)

**1004**

in § 102 and come within the Motor Vehicle Code. See 75 P.S. § 201. Pennsylvania also subjects house trailers to its Selective Sales and Use Tax levied on tangible personal property. 72 P.S. § 3403–546.1.

In effect, by appropriate exercise of its taxing powers, Pennsylvania has given an artificial, statutory real-property designation to a specific class of house trailers which, otherwise, still retain the basic characteristic of tangible personal property, namely, mobility.

■ We conclude that this statute, intended to raise revenue for the operation of local governments within the state, as sought to be applied to the personal property of nonresident servicemen in active service under military orders, is in irreconcilable conflict with the clearly defined congressional "purpose of § 514 in broadly freeing the nonresident serviceman from the obligation to pay property and income taxes * * * supporting the governments of the states where he was present solely in compliance with military orders." California v. Buzard, supra, 382 U.S. p. 393, 86 S.Ct. p. 483.

■■ We reject defendants' contention that Congress, by specific mention of motor vehicles in § 514, intended to exclude house trailers. To the contrary, in our opinion Congress did not intend the "friendly eye" of the Court to be so myopic in viewing the provisions of such a liberal statute.

Accordingly, we determine that the house trailers involved in this case are within the class of tangible personal property which was specifically exempted from local taxation by Congress under 50 U.S.C.A. App. § 574.

### ORDER

Now, this 22nd day of March, 1968, it is ordered that:

1. the motion of the United States for summary judgment be, and it is, granted;

2. there is no just reason for delay and we direct the United States to submit an appropriate form of final judgment within 20 days.