Non-Resident Servicemen — Excise Tax A non-resident serviceman, who is in Oklahoma as a result of military orders, is obligated to comply with the provisions of 68 O.S. 2103 [68-2103] (1968), which levies a tax upon the transfer of legal ownership of a vehicle registered in Oklahoma. The Attorney General has had under consideration your letter wherein you, in effect, ask the following question: Is a non-resident serviceman who is in Oklahoma as a result of military orders, obligated to comply with 68 O.S. 2103 [68-2103] (1968), which provides for a tax upon the transfer of legal ownership of a vehicle registered in Oklahoma? Title 68 O.S. 2103 [68-2103](a) (1968), provides in pertinent part: "There is hereby levied an excise tax of two (2%) per cent of the value of each motor vehicle, automobile, motorcycle, . . . upon the transfer of legal ownership of any such vehicle registered in this State and upon the use of any such vehicle registered in this State and upon the use of any such vehicle registered for the first time in this State, except as otherwise provided in this Article. The tax hereby levied shall be due at the time of the transfer of legal ownership or first registration in this State of such vehicle, and shall be collected by the Tax Commission at the time of issuance of a certificate of title for any such vehicle. In the event an excise tax is collected on the transfer of legal ownership or use of the vehicle during any calendar year, then an additional excise tax must be collected upon all subsequent transfers of legal ownership. . . ." Title 68 O.S. 2105 [68-2105] (1968), lists several exemptions to Section 2103 but none of the exemptions is applicable to your question. Section 514 of the Soldiers' and Sailors' Civil Relief Act as recorded in 50 U.S.C.A. 574 exempts a serviceman from paying taxes on personal property, such as a motor vehicle, imposed upon him by a state when he is in that state only because of military orders, provided the tax required by the state of which the serviceman is a resident or in which he is domiciled has been paid. A recent United States Supreme Court decision, Sullivan v. U.S., 395 U.S. 169, 23 L.Ed.2d 182, 89 S.Ct. 1648 is applicable to your question. The issue in the Sullivan case was whether Section 514 of the Soldiers' and Sailors' Civil Relief Act prohibits a state from imposing its sales and use taxes on servicemen stationed there who are residents or domiciliaries of other states. As the Court stated, Section 514 of the Soldiers' and Sailors' Civil Relief Act has a special provision for automobiles which exempt servicemen from "licenses, fees, or excises imposed in respect of motor vehicles or the use thereof" if they have paid such levies in their home states. The Court concluded that under Section 514 Congress did not propose to exempt servicemen from sales and use taxes. The Court said: "A tax on the privilege of selling or buying property has long been recognized as distinct from a tax on the property itself. . . The incidence of the sales tax is not the property itself or its presence within the State. Rather it is the transfer of title for consideration, a legal act which can be accomplished without the property ever entering the state. . . . "The legislative history of the 1942 enactment and the 1944 and 1962 amendments of Section 514 reveals that Congress intended the Act to cover only annually recurring taxes on property — the familiar ad valorem personal property tax. . . ." In reference to the use tax, the Court stated: "While we agree that use taxes are not so clearly excluded by the language of Section 514 as are sales taxes, neither do we believe that they are clearly included. And consideration of the purpose and legislative history of Section 514 along with its language and other factors has led us to the conclusion that Congress did not intend to free servicemen stationed away from home from the sales or use taxes of the host state." Two other United States Supreme Court decisions, California v. Buzard, 382 U.S. 386,15 L.Ed.2d 436, 86 S.Ct. 478, and Snapp v. Neal,382 U.S. 397, 15 L.Ed.2d 445 86 S.Ct. 485, held that Section 514 exempted servicemen from a state tax on automobiles since the state could not collect a license, fee or excise tax because they were annual taxes which were indistinguishable from the annually recurring ad valorem taxes that Section 514 was designed to cover. The Court held in the Buzard case that Section 514 exempted servicemen from the California tax on automobiles, "not because it was an excise tax on use . . . but because it was not such a tax." Although 68 O.S. 2103 [68-2103] (1968), uses the term "excise tax", in actuality, it is a sales tax and does not occur annually but only upon the transfer of the legal ownership of a vehicle. Therefore, it is the opinion of the Attorney General that your question should be answered in the affirmative, in that a non-resident serviceman, who is in Oklahoma as a result of military orders, is obligated to comply with the provisions of 68 O.S. 2103 [68-2103] (1968), which levies a tax upon the transfer of legal ownership of a vehicle registered in Oklahoma. (Tim Leonard) (ED. Military, motor vehicles, cars, automobiles)