UNITED STATES of America,
Plaintiff,

v.

SHELBY COUNTY, TENNESSEE, et al.,
Defendants.

No. C–74–123.

United States District Court,
W. D. Tennessee, W. D.

Oct. 10, 1974.

J. Richard Buchignani, Asst. U. S. Atty., Memphis, Tenn., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, John J. McCarthy, Chief, Gen. Litigation Section, Tax Div., Dept. of Justice, and Charles E. Stratton, Trial Atty., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

James W. Watson, Memphis, Tenn., for City of Millington, Tenn.

J. Minor Tait, Jr., Asst. County Atty., Memphis, Tenn. for Shelby County, Tenn., and Riley C. Garner.

Alex B. Shipley, Jr., Asst. Atty. Gen., State of Tenn., Nashville, Tenn., for Attorney General of State of Tennessee.

## MEMORANDUM OPINION

WELLFORD, District Judge.

The United States of America brings this suit on behalf of military personnel [1] who reside in mobile homes located in Shelby County, Tennessee. The defendants have imposed and continue to impose an annual tax upon mobile homes, house trailers and other similar movable structures pursuant to Article II, Section 28 of the Tennessee Constitution and the applicable enabling statutes. Tenn.Code Ann. §§ 67–601, 67–602, 67–612 (Supp.1973). Apparently defendants have imposed this tax even if

---

1. Estimated in this County to be about 500 in number.

the trailers or mobile homes were located on United States Navy Base property.

Plaintiff seeks a declaratory judgment establishing that this Tennessee tax in controversy on mobile homes is, in reality, a tax in respect of personal property which is prohibited by Section 514 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C. App. § 574. Section 67–612 of the Tennessee Code Annotated[2] provides in pertinent part the following:

"Mobile homes and other moveable structures.—Any moveable structure and appurtenance which is attached to real property by virtue of being on a foundation, or being underpinned, or connected with any one utility service such as electricity, natural gas, water, or telephone shall be assessed for tax purposes as real property as an improvement to the land where located; however, in cases where said moveable structures are attached to land occupied and used as trailer or mobile home parks where the owner of said land is renting spaces or lots for maintaining said moveable structures, the owner of said moveable structures shall be responsible for the additional tax imposed by reason of the improvement and the owner of said land shall be granted a lien against said moveable structures to secure the payment of said municipal and county taxes. Said lien shall constitute a first lien against said moveable structure."

The parties agree that there are no substantial questions of fact involved in this case and that the sole issue is one of law. The trailers in question have never been permanently affixed to the land but are and have been tied to and connected with one or more utility facilities,[3] and a cable or anchor which is typically "grounded" by an auger end which screws into or is driven into the ground. This latter facility serves the purpose of stabilizing the mobile unit and is capable of being extracted without damage to either the land or the mobile home. The utility connections may also be disconnected without difficulty or damage to the property.

The plaintiff has moved for summary judgment. The sole issue before the Court is whether the mobile homes, owned by non-resident service personnel on active duty and present in the State of Tennessee solely by reason of compliance with Naval or military orders, are personal property within the meaning of the Soldiers' and Sailors' Relief Act, as amended, and thus immune from state taxation. Defendants contend the mobile homes are real property under applicable law to which the federal act and exemption do not apply.

Upon review of the pleadings, memoranda, affidavits, and oral arguments, the Court is of the opinion that Section 67–612 of the Tennessee Code Annotated stands in:

"[I]rreconcilable conflict with the clearly defined congressional 'purpose of § 514 in broadly freeing the nonresident serviceman from the obligation to pay property and income taxes . . . supporting the governments of the states where he was present solely in compliance with military orders.'" United States of America v. Chester County Board of Assessment and Revision of Taxes, 281 F.Supp. 1001, 1004 (E.D.Pa.1968).

When faced with a Pennsylvania statute[4] substantially similar to Tenn.Code

---

2. Section 67–612 implements the following clause of Article 2, § 28 of the Tennessee Constitution: (as recently amended) "House trailers, mobile homes, and all other similar movable structures used for commercial, industrial, or residential purposes shall be assessed as Real Property as an improvement to the land where located."

3. Such as electric power lines, gas or water pipes, or telephone lines.

4. "The tax levy was made pursuant to the Fourth to Eighth Class County Assessment Law of Pennsylvania, 72 P.S. § 5453.201(a), as amended in 1961, which provides in pertinent part as follows: Subjects of taxation

Ann. § 67–612, the Pennsylvania district court wrote the above opinion after having determined that:

> "Pennsylvania has given an artificial, statutory real-property designation to a specific class of house trailers which, otherwise, still retain the basic characteristic of tangible personal property, namely mobility." Chester County, 281 F.Supp. at 1004.

■ This Court agrees with the reasoning of the Pennsylvania District Court cited. We specifically reject defendants' contention that state law should determine the scope of Section 514 of the Soldiers' and Sailors' Civil Relief Act. The issue is rather one of federal law. Chester County, 281 F. Supp. at 1003, *citing* California v. Buzzard, 382 U. S. 386, 86 S.Ct. 478, 15 L.Ed.2d 436 (1966).

> "The constitutionality of federal legislation exempting servicemen from the substantial burdens of seriate taxation by the states in which they may be required to be present by virtue of their service, cannot be doubted . . . Congress . . . saved the sole right of taxation to the state of original residence . . ." Dameron v. Broghead, 345 U.S. 322, 324, 326, 73 S.Ct. 721, 97 L.Ed. 1041 (1953).

■ Furthermore, the general authority and common law dealing with the question recognizes that a more permanent attachment is necessary before a movable article placed on realty is recognized as a part of the real estate. 36A C.J.S. Fixtures § 4; 35 Am.Jur.2d Fixtures, § 6, § 7.

■ The intention and relationship of the annexor to the landowner are very important factors in determining whether a chattel becomes a fixture and thus a part of the real estate to which it is attached. 36A C.J.S. Fixtures, § 2; 35 Am.Jur.2d, Fixtures, § 8, § 14, et seq.; 77 A.L.R. 1400. The intentions of the service personnel and landowners involved appear obvious under these circumstances in that they do not intend the trailer to become a part of the real estate. *See* Farrar v. Nashville C. & St. L. Ry., 162 Tenn. 313, 319, 36 S.W. 2d 95, 97 (1931) citing 21 A.L.R. 1089 and 66 L.R.A. 42; Kenneally v. Standard Electronics Co., 364 F.2d 642, 646 (8th Cir. 1966). A mobile home is the same thing recognized in some jurisdictions as a "superficiary house" removable and treated as personalty apart from real estate. Nicholson v. Altona Corp., 320 F.2d 8, 10 (3d Cir. 1963).

■ Accordingly, mobile homes which are not *permanently affixed* to realty are determined to be tangible personal property within the meaning of 50 U.S.C. App. § 574 and are therefore exempt from local taxation. These mobile homes in question are not permanently affixed to the real estate on which they are situated. If a serviceman has established permanent residence in this County or State, however, the exemption may not apply.

Therefore, the motion of the plaintiff for summary judgment should be and hereby is granted. An appropriate order (in a form or forms suggested by the parties) will be entered.

---

enumerated. The following subjects and property shall as hereinafter provided be valued and assessed and subject to taxation for all county, borough, town, township, school (except in cities), poor and county institution district purposes, at the annual rate, (a) All real estate, to wit: Houses, house trailers and mobilehomes permanently attached to land or connected with water, gas, electric or sewage facilities, buildings, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, and all other real estate not exempt by law from taxation."