QUESTIONS: 1. Does the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, grant immunity from registering their motor vehicles and purchasing vehicle license tags in Florida to nonresident servicemen living in Florida pursuant to military orders who do not have a valid home state license tag on their motor vehicles? 2. Is the fee paid by mobile home owners for a mobile home license tag a license tax or a personal property tax under Florida law? 3. Can any portion of the fee paid by mobile home owners for a mobile home license tag be exempted under rights granted to nonresident servicemen by the Soldiers' and Sailors' Civil Relief Act of 1940, as amended?
SUMMARY: Nonresident servicemen living in Florida pursuant to military orders and maintaining motor vehicles, including mobile homes, in Florida are required to register and license any such motor vehicles or mobile homes for which valid license plates have not been obtained in the servicemen's home states. However, pursuant to 50 U.S.C.A. App. s. 574, the State of Florida may charge only those fees necessary and essential to the proper functioning of the licensing and registration system of the State. AS TO QUESTION 1: The Soldiers' and Sailors' Civil Relief Act of 1940, as amended (50 U.S.C.A. App. s. 574), grants to nonresident servicemen a broad immunity from state personal property taxation, income taxation, and excise or license taxes with respect to motor vehicles. In the case of California v. Buzard, 382 U.S. 386
(1966), involving a "license fee" on automobiles including those of nonresident servicemen, the court held that a state could only collect from nonresident servicemen for the registration of their motor vehicles "taxes which are essential to the functioning of the host state's licensing and registration laws in their application to the motor vehicles of nonresident servicemen." [See] 382 U.S. at 395. The court further said, at 392: . . . Congress was clearly concerned that servicemen stationed away from their home State should not drive unregistered or unlicensed motor vehicles. Every State required in 1944, and requires now, that motor vehicles using its highways be registered and bear license plates. Such requirements are designed to facilitate the identification of vehicle owners and the investigation of accidents, thefts, traffic violations and other violations of law. Commonly, if not universally, the statutes imposing the requirements of registration or licensing also prescribe fees which must be paid to authorize state officials to issue the necessary documents and plates. To assure that servicemen comply with the registration and licensing laws of some State, whether of their home State or the host State, we construe the phrase "license, fee, or excise required by the State . . ." as equivalent to "license, fee or excise of the State . . . ." The serviceman who has not registered his car and obtained license plates under the laws "of" his home State, whatever the reason, may be required by the host State to register and license the car under its laws. (Emphasis supplied.) Furthermore, as held in Dameron v. Brodhead, 345 U.S. 322 (1953), the act saved the sole right of taxation to the state of original residence regardless of whether that state exercised the right. Your first question is therefore answered as follows: Nonresident servicemen living in Florida pursuant to military orders who have no valid home state license tag on their motor vehicles may be required by the State of Florida to register their vehicles in Florida, but may only be charged a fee in an amount that is necessary and essential to the licensing and registration system of the state. The amount that is necessary and essential to license and register motor vehicles in Florida is an appropriate subject of legislative determination, but may not in my opinion be determined by an administrative agency or official in the absence of a legislative delegation of authority. AS TO QUESTION 2: Your second question inquires whether under Florida law the fee paid by mobile home owners for a mobile home license tag is a license tax or a personal property tax. Section 320.08, F.S., denominates the fees required upon registration or reregistration of mobile homes as ". . . annual license taxes for the operation of . . . mobile homes, . . . ." Section 320.081(1), F.S., states that the annual license fees for mobile homes are in lieu of ad valorem taxes. In fact, the license fees on mobile homes are based on their length rather than their value, pursuant to s. 320.08(8)(d), F.S. License taxes are fees for the privilege to do business or to hold or use certain classes of property within the jurisdiction and they may be imposed either under the police power for regulatory purposes or for revenue purposes or for both. [See] 21 Fla. Jur. Licenses and License Taxes ss. 2 and 6. A license tax is to be distinguished from a property tax in that a property tax is to raise revenue by virtue of the fact that the property is within the jurisdiction of the taxing power and no condition or restriction is imposed on the use of the property taxed while the license tax, which may also be passed to raise revenue, nevertheless is imposed on the right to exercise a privilege and its payment is made a condition to the exercise or continuance in the exercise of the privilege, business, or vocation involved. [See] 21 Fla. Jur. Licenses and License Taxes s. 3. Clearly, under Florida law the fee or tax on mobile homes for their licensing is therefore a license tax rather than an ad valorem personal property tax. Indeed, Art. VII, s. 1(b), State Const., provides that mobile homes shall be subject "to a license tax for their operation in the amounts and for the purposes prescribed by law, but shall not be subject to ad valorem taxes." (Emphasis supplied.) AS TO QUESTION 3: Your third question asks whether any portion of the mobile home license fee may be collected from nonresident servicemen living in Florida pursuant to military orders. Section 320.01(1), F.S. 1971, defined motor vehicles to include mobile homes. Chapter 72-339, Laws of Florida, amended s. 320.01(1) and provided a more specific definition of mobile homes but did not remove mobile homes from the definition of motor vehicles. The present statute, s. 320.01(1), F.S., as amended by Chapter 72-339, supra, defines motor vehicles to include "trailers" and defines mobile homes in s. 320.01(2), F.S., as "any type of trailer or vehicle body . . . without independent motive power, . . . ." (Emphasis supplied.) Dicta to the contrary in AGO 072-300 not essential to the ultimate ruling in AGO 072-300 is hereby overruled. Since mobile homes under Florida law are motor vehicles, their owners who are nonresident servicemen residing in Florida pursuant to military orders are required only to register them and may be charged a license tax only in an amount that is necessary and essential to the licensing and registration system on the authority of California v. Buzard, supra. See also Stephenson v. Curtis, 238 A.2d 613 (Sup. Jud. Ct. Me. 1968). The answer to your first question therefore applies equally to your third question. See also Snapp v. Neal,164 So.2d 752 (Miss. 1964) rev'd on other grounds, 382 U.S. 397 (1966), which case held that a house trailer (mobile home) was a motor vehicle within the meaning of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, and United States v. Chester Co. Bd. of Assess. Rev. of Taxes, 281 F. Supp. 1001 (E.D.Pa. 1968), which held that house trailers or mobile homes are within the class of tangible personal property specifically exempted from local taxation by Congress under the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. I note also that for purposes of the act, the characterization of a license tag fee for motor vehicles including mobile homes as a license tax or a personal property tax is irrelevant. As previously stated, Florida is allowed to collect only those fees essential to the state's licensing and registration laws.