Mr. Ray Carper Property Tax Administrator 623 State Centennial Building 1313 Sherman Street Denver, Colorado 80203
Dear Mr. Carper:
You have requested an opinion as to whether the imposition of an ad valorem tax on mobile homes owned by, and lived in by, military personnel is precluded by the Soldiers' and Sailors' Civil Relief Act of 1940, specifically 50 U.S.C. App. section 574.
 50 U.S.C. App. 574 does prohibit ad valorem taxes when the homes are not permanently attached to the land.
QUESTION PRESENTED AND CONCLUSION
Is the imposition of an ad valorem tax on mobile homes owned by and lived in by military personnel precluded by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. section 574.
ANALYSIS
This provision prohibits the taxation of personal property, except that used in a trade or business, owned by United States military personnel who are not legal residents of the state, and who are absent from their home states (legal residences) and stationed in another state solely by reason of military orders.
Because of S.B. 214, chapter 495 Session Laws of 1977, the question arises as to whether mobile homes are real or personal property. S.B. 214 itself contains contradictions, as it indicates that mobile homes are more properly taxed as conventional housing, and they are taxed "as if they werereal property" pursuant to C.R.S. 1973, 39-5-202. However, for purposes of tax collection, they are treated as personal property. And in S.B. 39, enacted in 1978, mobile homes are treated as personal property when held by the dealer as inventory.
Whether Colorado defines mobile homes as real or personal property is not necessarily relevant to the application of a federal statute. Jerome v. U.S., 318 U.S. 101, 104,63 S.Ct. 483, 87 L.Ed. 640 (1943). Morgan v. Commissioner ofInternal Revenue, 309 U.S. 78, 81, 60 S.Ct. 424,84 L.Ed. 585 (1940); California v. Buzard, 382 U.S. 386, 393,86 S.Ct. 478, 15 L.Ed.2d 436 (1966); U.S. v. Chester CountyBoard of Assessment, 281 F. Supp. 1001, 1003 (E.D. Pa. 1968);U.S. v. Shelby County, Tennessee, 385 F. Supp. 1187,1189 (W.D. Tenn. 1974); U.S. v. Illinois,387 F. Supp. 638 (E.D. Ill. 1975), aff'd. 525 F.2d 374 (7th Cir. 1975).
If mobile homes are "motor vehicles," under 50 U.S.C. App. section 574(2)(b) they are personal property by definition, and are exempt from the property tax. Under Colorado law, mobile homes are defined specifically in C.R.S. 1973, 42-1-102(82)(b) as being without motive power. And under the most recent case law, mobile homes are not motor vehicles. Shaw v. AuroraMobile Homes and Real Estate, Inc., 36 Colo. App. 321
(1975).
The issue of whether a mobile home is a "motor vehicle" for purposes of 50 U.S.C. App. section 574 has not been resolved by the federal courts. In Snapp v. Neal, 382 U.S. 397,15 L.Ed.2d 445, 86 S.Ct. 485 (1966), the United States Supreme Court acknowledged that they had "no occasion to decide . . . (if) the house trailer was a `motor vehicle' within the meaning of 50 U.S.C. App. section 574(2)(b)." The United States Supreme Court has not had occasion since then to address the issue whether house trailers or mobile homes are motor vehicles for purposes of 50 U.S.C. App. section 574(2)(b).
Turning to the federal statutes, the definitions of "motor vehicle" generally require that the vehicle be self-propelled or be drawn by mechanical power, and be operated primarily for use on the highways. See e.g. 15 U.S.C. § 1901(15);26 U.S.C. § 4482; 49 U.S.C. § 303(13); 18 U.S.C. § 31; 40 U.S.C. § 472(1); 40 U.S.C. § 703(1); 23 U.S.C. § 154. Mobile homes do meet such a definition for they are not operated primarily for use on the highways.
It appears that under both federal law and Colorado law, the definition of motor vehicle does not include a mobile home.
Therefore the issue of whether mobile homes are real or personal property must be addressed more directly.
The determining consideration is whether a mobile home is permanently affixed to the land. This standard has been the one applied by courts deciding whether mobile homes and house trailers are real or personal property. See U.S. v. ChesterCounty Board of Assessment, supra, at 1002;U.S. v. Shelby County, Tennessee, supra, at 1188-1189; Farmers Union Mutual Insurance Company v.Denniston, 237 Ark. 768, 376 S.W.2d 252 (1964).
Perhaps the most complete discussion of this question came inU.S. v. Shelby County, Tennessee, supra, wherein the court stated:
 the trailers in question have never been permanently affixed to the land but are and have been tied to and connected with one or more utility facilities, and a cable or anchor which is typically "grounded" by an auger end which screws into or is driven into the ground.
. . .
 Furthermore, the general authority and common law dealing with the question recognizes that a more permanent attachment is necessary before a movable article placed on realty is recognized as a part of the real estate. 36A C.J.S. Fixtures section 4; 35 Am.Jur.2d Fixtures sections 6 and 7.
. . .
 Accordingly, mobile homes which are not permanently affixed to realty are determined to be tangible personal property within the meaning of 50 U.S.C. Am. App. section 574 and are therefore exempt from local taxation. (Emphasis original.)
It is clear that the standard used by the federal court in theShelby County case is that if a mobile home is permanently affixed to the realty, it is real property, and if it is not permanently attached, it is personal property.
This standard is consistent with Colorado's statutory definitions. C.R.S. 1973, 39-1-102(14) defines real property as land and improvements. C.R.S. 1973, 39-1-102(7) defines "improvements" to include structures or buildings affixed to land. Inherent in the definition of "improvement" is the concept of a structure being permanently affixed to the land.
The crucial element, then, is whether the mobile home ispermanently attached to the land. Such a determination must be made on an individual basis.
SUMMARY
It is my opinion that when mobile homes are permanently affixed to the land, they are real property, and 50 U.S.C. App. section 574 does not apply. However, when mobile homes are not permanently attached, they are personal property, and 50 U.S.C. App. section 574 does prohibit the imposition of an ad valorem tax, as under S.B. 214.
Very truly yours,
 J.D. MacFARLANE Attorney General
MOBILE HOMES TAXATION AND REVENUE
S.B. 214 (1977) S.B. 39 (1978)
50 U.S.C. App. 574
C.R.S. 1973, 39-5-202
C.R.S. 1973, 39-1-102(7) and (14)
LOCAL AFFAIRS, DEPT. OF Property Taxation, Div. of
When mobile homes are permanently affixed to the land, they are real property and 50 U.S.C. App. 574 does not apply. However, when mobile homes are not permanently affixed, they are personal property and 50 U.S.C. App. 574 does prohibit the imposition of an ad valorem tax.