**UNITED STATES of America, Plaintiff,**

v.

**STATE OF ILLINOIS et al., Defendants.**

**No. CV 74–139–D.**

United States District Court, E. D. Illinois.

Jan. 10, 1975.

Henry A. Schwartz, U. S. Atty., E. St. Louis, Ill., Warren E. White, Asst. U. S. Atty., Danville, Ill., Michael B. Andolina, Dept. of Justice, Tax Div., Washington, D. C., for plaintiff.

William J. Scott, Atty. Gen., of Ill., Springfield, Ill., Joseph C. Moore, Sp. Asst. Atty. Gen., of Ill., Hoopeston, Ill., James R. Burgess, Jr., State's Atty., Champaign County, John R. De La Mar, Robert G. Frederick, Asst. State's Attys., Champaign County, Urbana, Ill., for defendants.

## MEMORANDUM OPINION

WISE, Chief Judge.

On October 3, 1974, the United States of America instituted this action on behalf of military personnel stationed at Chanute Air Force Base in Rantoul, Illinois who reside in mobile homes located in Champaign County, Illinois. The plaintiff seeks from this Court: (1) a declaratory judgment that the provisions of Section 514 of the Soldiers' and Sailors' Civil Relief Act, as amended, 50 U.S.C.App. § 574 (1970), bars the application of the Illinois Mobile Home Privilege Tax, Ill.Rev.Stat. ch. 120, §§ 1201–1210 (1973), to United States military personnel who are not legal residents (domiciliaries) of the State of Illinois and who are absent from their home states and stationed in Illinois solely by reason of military orders; (2) an order permanently enjoining the defendants, primarily the States Attorney and local tax officials of Champaign County, from pursuing pending collection activities against such nonresident servicemen who had failed to pay the mobile home tax; and (3) an order permanently enjoining the defendants from future application of the Illinois Mobile Home Privilege Tax to nonresident military personnel living in mobile homes within Champaign County. On October 4, 1974, this Court entered a Temporary Restraining Order preventing the defendants from pursuing their collection activities against nonresident servicemen in State court and from applying the

provisions of the mobile home tax to such nonresident military personnel during the pendency of this action.[1] That Order was extended by this Court on October 11, 1974, and modified to allow defendants to enforce the registration provisions of the mobile home tax, Ill.Rev. Stat. ch. 120, § 1204. Both sides filed cross motions for summary judgment in support of their respective positions pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### Jurisdiction

■ This Court retains jurisdiction on the grounds that this is a civil suit brought by the United States seeking declaratory relief. 28 U.S.C. §§ 1345, 2201. The defendants claim that the United States is not a proper party plaintiff in this action and that jurisdiction is barred by 28 U.S.C. § 1341, which provides:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

However, the law is clear that § 1341 places no limitation on the right of the United States to sue as plaintiff in federal district court on behalf of United States servicemen. Sullivan v. United States, 395 U.S. 169, 170, 89 S.Ct. 1648, 23 L.Ed.2d 182 (1969); Department of Employment v. United States, 385 U.S. 355, 358, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966); United States v. Arlington County, 326 F.2d 929, 931 (4th Cir. 1964).

### The Merits

The facts are not in dispute. The Illinois Mobile Home Privilege Tax was enacted into law on August 28, 1973 (Pub.

Law 78–375). Shortly thereafter, the Champaign County tax assessors began to assess the tax against Air Force personnel, residents and nonresidents alike, who owned and occupied mobile homes and who were stationed at Chanute Air Force Base in Rantoul, Illinois. The primary issue in this case is whether or not the provisions of the Soldiers' and Sailors' Civil Relief Act bar the defendants from imposing the Illinois Mobile Home Privilege Tax on nonresident military personnel residing in Champaign County, Illinois solely in compliance with military orders.

### I.

The Illinois Mobile Home Privilege Tax Act requires the owner of an inhabited mobile home located within Illinois to file a registration form[2] with the local or county assessor's office within thirty (30) days of initial placement within the particular township or county, providing, among other things, the name and address of the owner, the number of occupants, the location of the unit, its year of manufacture, and its size in terms of square feet of floor space. Ill.Rev.Stat. ch. 120, § 1204. Within sixty (60) days of registration, the county clerk computes the owner's annual tax at a rate of fifteen cents per square foot (Ill.Rev.Stat. ch. 120, § 1203), allowing a credit for the same tax paid elsewhere in Illinois by the owner for that current tax year (July 1—June 30) and/or reducing the annual rate by one-twelfth for each month between the annual billing date of July 1 and the month in which the mobile home is located in the county. The tax must be paid to the county treasurer within thirty (30) days after mailing, and the revenues are, in turn, distributed "to the local taxing districts within the bounda-

---

1. An affidavit filed by the plaintiff stated that about thirty (30) servicemen had been served with summonses to appear in Champaign County Circuit Court and that approximately one-hundred fifty (150) other servicemen similarly situated were threatened with legal action.

2. Operators of mobile home parks must file a similar registration form within five (5) days of the placement of a mobile home within the park.

ries of which such mobile homes are located, in the same proportion as the property taxes collectible for each such taxing district in the prior year." Ill. Rev.Stat. ch. 120, § 1206. Failure to pay the tax when due results in a tax lien upon all present and future property of the owner acquired within the next ten (10) years or until the tax is paid, whichever occurs first. Ill.Rev.Stat. ch. 120, § 1208. Furthermore, interest on delinquent taxes is assessed at a rate of one percent per month—plus fifty per cent of the deficiency upon a finding of tax fraud. Ill.Rev.Stat. ch. 120, § 1209.

 Section 514 of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.App. § 574, was enacted by Congress to protect members of the armed forces from multiple taxation of their income and personal property in cases where servicemen were stationed outside of their states of legal domicile. The act provides, in pertinent part:

"(1) For the purposes of taxation in respect of any person, or of his personal property, income, or gross income, by any State, . . . such person shall not be deemed to have lost a residence or domicile in any State . . . solely by reason of being absent therefrom in compliance with military or naval orders, or to have acquired a residence or domicile in . . . any other State . . . while, and solely by reason of being, so absent. For the purposes of taxation in respect of the *personal property* . . . of any [serviceman] by any State . . . of which such person is not a resident or in which he is not domiciled, . . . [his] *personal property shall not be deemed to be located or present in or to have a situs for taxation in such State* . . . . Where the owner of personal property is absent from his residence or domicile solely by reason of compliance with military or naval orders, *this section applies with respect to personal property, or the use thereof, within any tax jurisdiction*

*other than such place of residence or domicile, regardless of where the owner may be serving in compliance with such orders* . . . ." 50 U.S.C. App. § 574(1) (Emphasis added).

This language is clear and unambiguous. The act reserves the right to tax a serviceman "in respect of personal property" to his state of legal residence by withdrawing the jurisdictional basis for such taxation from the State in which the serviceman is stationed.

 The Supreme Court has directed that the Soldiers' and Sailors' Civil Relief Act be liberally construed "to protect those who have been obliged to drop their own affairs [and] take up the burdens of the nation." Boone v. Lightner, 319 U.S. 561, 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587 (1943). In Dameron v. Brodhead, 345 U.S. 322, 73 S.Ct. 721, 97 L.Ed. 1041 (1953), the Court rejected the contention that § 514 applied only where the serviceman was in fact being taxed on his personal property by his State of domicile:

"There is no suggestion [within § 514] that the state of original residence must have imposed a property tax. . . . In fact, though the evils of potential multiple taxation may have given rise to this provision, Congress appears to have chosen the broader technique of the statute carefully, freeing servicemen from both income and property taxes imposed by any state by virtue of their presence there as a result of military orders. *It saved the sole right of taxation to the state of original residence whether or not that state exercised the right.*" 345 U.S. at 326, 73 S.Ct. at 723–724 (Emphasis added).

And in California v. Buzard, 382 U.S. 386, 86 S.Ct. 478, 15 L.Ed.2d 436 (1966), the Supreme Court again explained the Congressional intent behind § 514:

"The very purpose of § 514 in broadly freeing the nonresident serviceman from the obligation to pay property and income taxes was to relieve him

of the burden of supporting the governments of the States where he was present solely in compliance with military orders." 382 U.S. at 393, 86 S. Ct. at 483.

Although *Buzard* dealt with the narrow issue of whether a California two per cent license fee was permissible under § 514(2)(b),[3] the Court emphasized that its test for the fee's validity derived from

> "the overall purpose of § 514 as well as the words of subsection (2)(b). Taxes like the California 2% 'license fee' serve primarily *a revenue interest,* narrower in purpose but no different in kind from taxes raised to defray the general expenses of government. It is from the burden of taxes serving such ends that nonresident servicemen were to be freed . . . ." 382 U.S. at 395, 86 S.Ct. at 484 (Emphasis added).

Thus the Court took into account whether or not the tax was created for the purpose of raising revenue in determining its validity under § 514.

> In Sullivan v. United States, 395 U.S. 169, 89 S.Ct. 1648, 23 L.Ed.2d 182 (1969), the Supreme Court drew the line on the scope of protection afforded nonresident servicemen under § 514 by upholding the Connecticut sales and use taxes. The Court held that the sales tax was not a tax "in respect of" personal property; rather, it was viewed as a tax upon a single transaction. The use tax was similarly upheld because it was not an annually recurring tax. The Court reasoned that the wording of § 514 and the legislative history of the provision were

"irreconcilable with the proposition that Congress thought the Act would apply to a tax which, like the sales or use tax, (did) not apply annually to all personal property within the State but (was) imposed only once and then only when there (had) been a retail sales transaction." 395 U.S. at 177, 89 S.Ct. at 1653.

From the reach of these decisions, it is imperative that this Court examine the Illinois Mobile Home Privilege Tax most closely to determine whether or not its characteristics place it within the prohibitions of § 514.

## II.

Defendants urge that the Illinois Mobile Home Privilege Tax is, as its name states, a privilege or use tax which is exempt from the strictures of § 514. They rely heavily upon language in *Sullivan* that, since the Illinois tax is not an ad valorem tax, it is consequently not barred by § 514:

> "The legislative history of the 1942 enactment and the 1944 and 1962 amendments of § 514 reveals that Congress intended the Act to cover only annually recurring taxes on property—the familiar ad valorem personal property tax." 395 U.S. at 176–177, 89 S.Ct. at 1653.

The defendants maintain that, since their mobile home tax is based on the size of the unit, regardless of value, it is clearly not a traditional ad valorem personal property tax. In addition, defendants contend that the legislative debates preceding passage of the tax clearly reveal that the tax was meant to be a privilege tax on the use of mobile homes in Illinois and not an ad valorem personal property tax.[4]

---

3. "(2) When used in this section, . . . (b) the term 'taxation' shall include but not be limited to licenses, fees, or excises imposed in respect to motor vehicles or the use thereof: *Provided,* That the license, fee, or excise required by the State . . . of which the person is a resident or in which he is domiciled has been payed." 50 U.S.C. App. § 574(2)(b).

4. Defendants' Exhibit 1 in support of their motion for summary judgment is a transcript of the Illinois Senate Floor Debate on the Illinois Mobile Home Privilege Tax (Senate Bill 192). Senator Karl Berning of the 32nd Legislative District stated:

> "[W]e cannot assess (mobile homes) as real estate unless they are affixed to the land. And most of them are not. That

Be that as it may, this Court is not bound by the label placed on the Illinois mobile home tax or by the intent of the State legislature in its passage of the bill. Whether or not § 514 restricts application of the tax on nonresident servicemen is a federal question, and State labels are not conclusive. California v. Buzard, 382 U.S. 386, 393, 86 S.Ct. 478, 15 L.Ed.2d 436 (1966); cf. Henneford v. Silas Mason Co., 300 U.S. 577, 586, 57 S.Ct. 524, 81 L.Ed. 814 (1937). The defendants' interpretation of § 514 and of the scope of the *Sullivan* decision is inconsistent with the clear language of the act, which specifically proscribes "taxation in respect of personal property," not solely ad valorem personal property taxes. United States v. State of Hawaii, Civil No. 74–131 (D.Hawaii, filed July 20, 1974). The Connecticut sales and use taxes upheld in *Sullivan* are distinguishable from the tax in this case in that they were non-recurring taxes. In the language cited by the defendants, the Supreme Court was distinguishing between annually recurring taxes and non-recurring taxes—using the traditional ad valorem tax as an example of annually imposed taxes on personal property that are restricted under § 514. In addition, the use tax upheld in *Sullivan* was closely related to the

Connecticut sales tax in that its purpose was to reach personal property purchased outside of the state. Personal property purchased within Connecticut (and subject to the sales tax) was exempt from the use tax, and the use tax was further reduced by any sales or use taxes collected on the taxpayer's property "by any other state or political subdivision thereof." Sullivan v. United States, 395 U.S. 169, 171–172, 89 S.Ct. 1648, 1650, 23 L.Ed.2d 182. The Illinois Mobile Home Privilege Tax, although admittedly not an ad valorem tax,[5] contains many of the characteristics of a tax "in respect of personal property." The tax is collected annually (a recurring tax) and is in no way connected with the Illinois Sales Tax. It gives credit only for the same tax paid by the owner in another part of the State and for the number of months that the mobile home is not present within the taxing district for the first fiscal year. And although Illinois has no personal property tax, a nonresident serviceman may still have a personal property tax to pay on the mobile home to his home State. No credit is given in the event such a tax must be paid. Furthermore, it is clear from the legislative history that the mobile home tax exists to create revenues "to defray the general expenses of government,"[6] not merely to defray

---

being so, we cannot assess them by valuation or we will be imposing an ad valorem tax and that then would be the same as a personal property tax which has been eliminated (in Illinois). There is no other way to tax these than on some such designation as a space tax, privilege tax, or call it what you will." (transcript at 115).

5. Several decisions have invalidated ad valorem taxes imposed on nonresident servicemen owning mobile homes. To the extent that the Illinois mobile home tax is not an ad valorem tax, these cases are distinguishable. *See* Snapp v. Neal, 382 U.S. 397, 86 S. Ct. 485, 15 L.Ed.2d 445 (1966); United States v. Chester County Board of Assessment & Revision of Taxes, 281 F.Supp. 1001 (E.D.Pa.1968); and United States v. Shelby County, Tennessee, 385 F.Supp. 1187 (W.D. Tenn.1974).

6. California v. Buzard, 382 U.S. 386, 395, 86 S.Ct. 478, 484, 15 L.Ed.2d 436 (1966). In the Illinois Senate Floor Debates, Senator Karl Berning stated: "SB 192 will allow for the imposition of a use tax on mobile homes, thereby providing some necessary revenue for schools, municipalities and other local taxing districts." (transcript at 110). Senator James Soper of the 7th Legislative District added:

" . . . I think this is one of the most important bills that would come before the Senate to help schools and municipalities insofar as taxes are concerned. We've eliminated the personal property tax. Now mobile homes are no longer taxed. They should bear their fair share and burden of the taxation for schools, and municipalities." (transcript at 112).

In addition, plaintiff submits as Exhibit A in support of its motion for summary judgment

the costs of registering mobile homes. The normal penalty for nonpayment of a privilege tax is the withdrawal of the privilege. The penalty for nonpayment of the Illinois Mobile Home Privilege Tax is the imposition of a tax lien upon the taxpayer's personal property, plus interest charges on the overdue tax—a penalty normally associated with traditional real and personal property taxes.

Although the Illinois Mobile Home Privilege Tax is labeled, and may have been enacted as, a privilege or use tax, it clearly retains many of the same characteristics of personal property taxes and has the clear potential of imposing upon nonresident servicemen the same hardships that the Congress intended to prevent by virtue of § 514 of the Soldiers' and Sailors' Civil Relief Act.

### III.

The defendants also contend that application of § 514 to the Illinois Mobile Home Privilege Tax would be unconstitutional. The Supreme Court ruled on this issue in Dameron v. Brodhead, 345 U.S. 322, 73 S.Ct. 721, 97 L.Ed. 1041 (1953):

"The constitutionality of federal legislation exempting servicemen from the substantial burdens of seriate taxation by the states in which they may be required to be present by virtue of their service, cannot be doubted. . . .

. . . What has been said in no way affects the reserved powers of the states to tax. For this statute merely states that the taxable domicile of servicemen shall not be changed by military assignments. This we think is within the federal power." 345 U.S. at 324–325, 73 S.Ct. at 723.

### IV.

Finally, the defendants claim that an injunction issued by this Court restraining them from enforcing the Illinois Mobile Home Privilege Tax against nonresident servicemen would act to prevent effective enforcement of the tax against servicemen domiciled in Illinois. Plaintiff submits that it seeks an order protecting only those nonresident servicemen who are domiciliaries of States other than Illinois and who thus qualify for protection under § 514 of the Soldiers' and Sailors' Civil Relief Act. It is the Court's opinion that the registration provisions of the Illinois tax, Ill.Rev. Stat. ch. 120, § 1204, provide an adequate means of determining which servicemen are Illinois residents and thus subject to the mobile home tax; and as such, the defendants will not be barred from enforcing those provisions upon all servicemen stationed within Champaign County.

Accordingly, this Court concludes that the Illinois Mobile Home Privilege Tax, Ill.Rev.Stat. ch. 120, §§ 1201–1210, is a tax "in respect of personal property" and, as such, is prohibited by § 514 of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.App. § 574, in its application against nonresident servicemen temporarily residing in Illinois and absent from their State of domicile by reason of military orders.

Plaintiff's Motion for Summary Judgment is granted, and defendants' Motion for Summary Judgment is denied. Counsel for both sides will confer and submit an appropriate order.

a written opinion of the Illinois Attorney General that the Illinois Mobile Home Tax is unenforceable against nonresident servicemen. In the course of the opinion, the purpose of the Illinois tax is discussed:

"The purpose of this tax . . . is to require persons who own inhabited mobile homes to contribute to the cost of the services of units of local government which they, as well as persons who pay real estate taxes, enjoy." (opinion at 3).